# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

**JERRY L. ZORNES (#419089)**

**VERSUS**

**BURL CAIN, ET AL.**

**CIVIL ACTION**

**NO. 17-204-JWD-RLB**

## RULING AND ORDER

On November 20, 2018, The Magistrate Judge issued a Report and Recommendation (R&R) (Doc. 22) recommending that the Court grant defendant's Motion to Dismiss (Doc. 15) and specifically recommending dismissal of defendant Burl Cain, without prejudice, for failure to timely serve this defendant; dismissal of defendants Lavespere, Falgout and LeBlanc ("Defendants"), with prejudice, on various grounds and recommending that the Court decline supplemental jurisdiction of state law claims. On December 6, 2018, more than fourteen days after the R&R was issued, the Court, having received no objection, rendered an opinion approving the R&R and making it the judgment of the District Court. (Docs. 25 and 26.)

On December 12, 2018, plaintiff Jerry Zornes ("Plaintiff") filed "Procedural Objections" to the R&R (Doc. 27), claiming that he did not get the R&R until November 27, 2018 and arguing that his objections were therefore timely. (Doc. 27 at 2.) He argues that, on September 12, 2018, that the Court issued an order "to recommence discovery within ninety (90) days and to file substantive cross motions for summary judgment within one hundred and twenty (120) days of 9-12-18" and he has had no opportunity to conduct discovery. (Id., at 1-2.) He also argues substantively that the Magistrate Judge erred on the merits regarding his claims against Defendants and his objection should be sustained and Defendants' motion should be denied.

The Court notes that, even if Zornes is correct that he received the R&R on November 27, as he represents, his objections were not filed within 14 days of the R&R. Nonetheless, the Court will exercise its discretion and vacate its previous orders (Docs. 25 and 26) and consider Plaintiff's objections on the merits. Plaintiff incorrectly characterizes Magistrate Judge Bourgeois' November 20, 2017 order as one ordering the recommencement of discovery within 90 days of his order. That is incorrect. His order (Doc.19) "stays discovery pending a Ruling by the assigned District Judge on the pending Motion to Dismiss…(R. Doc. 15)." (Doc 19 at 1.) Discovery was not to recommence unless the motion was denied and then only 90 days from the District Court's ruling. (Doc. 19 at 1-2.)

Furthermore, the Court has reviewed Plaintiff's objections on the merits and finds that they must be rejected. He has provided no new information or argument to change this Court's opinion that the analysis and recommendation of the Magistrate Judge was entirely correct.

Accordingly, after independently reviewing the entire record in this case and for the reasons set forth in the Magistrate Judge's Report dated November 20, 2018, to which an objection was filed and considered (Doc. 27);

**IT IS ORDERED** that the plaintiff's claims against defendant Burl Cain are dismissed, without prejudice, for failure to timely serve this defendant in accordance with Federal Rule of Civil Procedure 4.

**IT IS FURTHER ORDERED** that the defendants' Motion to Dismiss (R. Doc. 15) is granted, dismissing all claims against defendants Lavespere, Falgout, and LeBlanc with prejudice.

**IT IS FURTHER ORDERED** that the Court declines to the exercise of supplemental jurisdiction in connection with the plaintiff's potential state law claims.

Judgment shall be entered accordingly.

Signed in Baton Rouge, Louisiana, on <u>January 16, 2019</u>.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**